| | | |
|---|---|---|
| ROLANDO S. TANOCO, | : | CIVIL ACTION NO. 86-769 |
| Plaintiff, | : | |
| vs. | : | |
| SOUTHERN CROSS INVESTMENT CORPORATION, et al., | : | ORDER AND OPINION |
| Defendants. | : | |

This matter came on for hearing in chambers this 21st day of April 1987 on Defendant's Offer of Judgment and Plaintiff's Reply.  The Parties appeared through their respective counsel.

The Court has inherent power to review settlements of parties in actions pending before the Court and to accept or reject the parties' settlement.  The Court has reviewed the settlement in this action as reflected by Defendant's Offer of Judgment and Plaintiff's Reply and the parties' counsels' discussion in chambers.  The Court finds the settlement is fair

and reasonable and adopts it.

WHEREFORE, the Court orders as follows:

1. Plaintiff is awarded judgment against Defendant Southern Cross Investment Corp. of Eight Hundred Ten Dollars (810.00) plus cost and value of a one way airplane ticket to Manila, Philippines.

2. Defendant Southern Cross Investment Corp. is assessed with costs of this action in the amount of Forty Dollars ($40.00). Because Plaintiff proceeded in forma pauperis, Defendant shall pay the costs directly to the Clerk of Courts.

3. Defendant shall satisfy the judgment by May 5, 1987.

4. Plaintiff shall timely notify the Court of satisfaction of the judgment. Upon satisfaction of the judgment, the action and claims against all Defendants and the counterclaims against Plaintiff shall be dismissed with prejudice.

The Court further finds that the mandate of 3 CMC §4447(d) requiring liquidated damages and attorneys fees does not preclude the Plaintiff, non-resident worker, from waiving these particular remedies. See Evans v. Jeff D., 54 USLW 4359 (U.S. Sup. Ct. 1986). The Court interprets the mandatory language of 3 CMC §4447(d) as being applicable in situations where the matter is adjudicated either administratively or by the court; 3 CMC §4447(d) does not mandate the award of fees where the parties have agreed to settle contingent upon a fee waiver and the Court has accepted the settlement.

----------------

22

WHEREFORE, the Court further adopts the settlement fee waiver and orders as follows:

5. Neither Plaintiff nor Plaintiff's counsel is entitled to recover attorney fees from Defendants.

IT IS SO ORDERED.

Dated: _4/22/87_

_____
Robert A. Hefner
Chief Judge

Prepared & approved
as to form only

_____
Jane Mack
Attorney for Plaintiff

Approved as to form only

_____
Joe Hill
Attorney for Defendants